<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFFREY COPLIN, | : | |
| | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | |
| | : | Civil No. 12-2882 (RBK) |
| v. | : | |
| | : | |
| DONNA ZICKEFOOSE, | : | |
| | : | **O P I N I O N** |
| Respondents. | : | |
| | : | |

**APPEARANCES**:

    JEFFREY COPLIN, #546866-066
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640
    Petitioner <u>Pro Se</u>

<u>**KUGLER**</u>, District Judge

Jeffrey Coplin filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the loss of visiting privileges for 30 days, loss of a two-person room (both imposed as a disciplinary sanction), and the failure of the Central Office of the Bureau of Prisons to respond to his administrative appeal.  This Court will summarily dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

**I.  BACKGROUND**

Petitioner asserts that on October 17, 2011, Officer Freeman charged him with the disciplinary charge of having unauthorized contact in the visiting room with his visitor.  Several documents are attached to the Petition, including (1) Incident Report dated October 17, 2011,

charging him with violation of code 409, unauthorized physical contact; (2) request for informal administrative relief and response; (3) request for administrative remedy dated November 4, 2011, seeking expungement of the sanctions imposed by the Unit Team; (4) form dated March 21, 2012, indicating that the Central Office of the BOP extended the time to respond to Petitioner's appeal; (5) Petitioner's letter to the Central Office dated April 16, 2012, seeking a response in his administrative appeal.  Petitioner argues that the sanctions imposed by the Unit Team - 30 days loss of visits and loss of two-man room - were excessive.  (Dkt. 1 at 11.)  In addition, he maintains that the failure of the Central Office to decide his administrative appeal denies him access to courts.

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.

1985), cert. denied, 490 U.S. 1025 (1989); see also Mayle v. Felix, 545 U.S. 644, 655 (2005); McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief").

### III.  DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).  Federal law provides two avenues of relief to prisoners:  a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."  Id.  The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.

> Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); see also McGee v. Martinez, 627 F. 3d 933, 936 (3d Cir. 2010) ("the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a Bivens action into a habeas petition").

In this Petition, Petitioner challenges disciplinary sanctions consisting of loss of visits for 30 days and loss of a two-person cell and the failure of the Central Office to issue a decision on his administrative appeal. However, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and Petitioner does not seek either speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration, this Court lacks habeas jurisdiction. See Bonadonna v. United States, 446 Fed. App'x 407 (3d Cir. 2011) (District Court properly dismissed § 2241 petition seeking restoration of soft shoes pass because petitioner did not seek speedier relief); McCall v. Ebbert, 2010 WL 2500376 (3d Cir. Jun. 21, 2010) (District Court properly dismissed for lack of jurisdiction § 2241 petition challenging transfer to increased security level and conditions of confinement); Zapata v. United States, 264 Fed. App'x. 242 (3d Cir. 2008) (District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (same); Bronson v. Demming, 56 Fed. App'x. 551, 553-54 (3d Cir. 2002) (habeas relief is unavailable to inmate seeking release from disciplinary segregation to general population, and

district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).[1] The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claim in a properly filed complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[2]  Id.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

s/Robert B. Kugler
**ROBERT B. KUGLER**, District Judge

Dated:   May 24   , 2012

---

[1] This Court makes no finding regarding the merits of Petitioner's claim.

[2] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee. See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to in forma pauperis habeas corpus petitions and appeals).  In contrast, the filing fee for a Bivens complaint is $350.00.  Inmates filing a Bivens complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from the prison account. See 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil complaint.  If Petitioner chooses to bring a civil complaint, he may do so by filing a complaint in a new docket number.